FILED

03/05/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0097

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0097



SCOTT W. ELLISON,

    Petitioner,

v.

EIGHTH JUDICIAL DISTRICT COURT,
CASCADE COUNTY,

    Respondent.

FILED

MAR - 5 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Scott W. Ellison has filed a pleading titled "MOTION Petitioner's Complaint to the Honorable Court for Sealed Record Request in Cause No. DA 19-0581," wherein Ellison requests that this Court order the Eighth Judicial District Court, Cascade County, to unseal two documents filed in his past criminal proceeding—the pre-sentence investigation (PSI) and the victim impact statement. The Clerk of the Supreme Court has designated this pleading as one for a writ of supervisory control. M. R. App. P. 14(3).

A jury found Ellison guilty of three counts of incest, two counts of sexual intercourse without consent, and one count of indecent exposure, from which he appealed and this Court affirmed. *State v. Ellison*, No. DA 19-0581, 2022 MT 20N, 2022 Mont. LEXIS 61 (Jan. 25, 2022). This underlying criminal proceeding has been completed, including the remedy of appeal, and it appears there is no District Court proceeding currently pending over which to take control. Ellison explains that he sent payment to the District Court to obtain a copy of his court record, and that he received everything except these two documents. Ellison states that "[t]his is a lawsuit for crucial Evidence needed in [his pursuit] to Build [his] Defense case."

Supervisory control may be appropriate on a case-by-case basis. "This extraordinary remedy can be invoked when the case involves purely legal questions and urgent or emergency factors make the normal appeal process inadequate." *State v. Spady*,

2015 MT 218, ¶ 11, 380 Mont. 179, 354 P.3d 590 (citing M. R. App. P. 14(3); *Redding v. McCarter*, 2012 MT 144, ¶ 17, 365 Mont. 316, 281 P.3d 189).

Because these sealed court documents are considered confidential, access to them is restricted. Ellison provides no statutory citation or authority that would support his request. Pursuant to § 46-15-324, MCA, materials are considered confidential to shield the privacy of the victim or informant, as well as to protect a defendant's constitutional rights. Regarding the PSI, Ellison would have received a copy before his sentencing. Section 46-18-113(1), MCA, provides that "[a] copy of the presentence investigation report must be provided to the prosecution, the defendant and the defendant's attorney, the probation and parole officer, and the agency or institution to which the defendant is committed." Further, "[a]ll presentence investigation reports must be a part of the court record but may not be opened for public inspection." Section 46-18-113(1), MCA. The record reflects that Ellison received a copy of the presentence investigation report prior to his sentencing and that he went through it with his attorney. The sentencing transcript also referenced an impact statement from Ellison's wife.

Ellison may be able to review a copy of the PSI upon request made through an Offender Staff Request to prison personnel, such as the Institutional Probation and Parole Officer, or access the PSI through his trial counsel. However, we cannot grant such relief to Ellison here. Accordingly,

IT IS ORDERED that Ellison's Writ of Supervisory Control is DENIED and DISMISSED.

IT IS FURTHER ORDERED that this matter is CLOSED as of this Order's date.

The Clerk is directed to provide a copy of this Order to counsel of record and to Scott W. Ellison personally.

DATED this 5 day of March, 2024.

_____
Chief Justice

2

_____

_____

_____

_____
Justices

3